IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00030-PAB

KATERI A. NAGELSCHNEIDER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER REVERSING AND REMANDING DECISION OF COMISSIONER**

---

This matter comes before the Court on plaintiff Kateri A. Nagelschneider's Complaint [Docket No. 4] filed January 7, 2008. Plaintiff seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for disability benefits on February 1, 2006, alleging she was unable to work after November 1, 2003 due to asthma, dyslexia, depression, migraine headaches, sleep apnea, learning disability, and mood swings. Tr. 52, 74. After plaintiff's claim was initially denied, an administrative law judge ("ALJ") conducted a hearing on June 25, 2007 and issued a decision on August 20, 2007. Tr. 15-22. The ALJ found that plaintiff had severe impairments including hypertension, asthma, sleep

apnea, obesity, and glucose intolerance. Tr. 17. However, the ALJ found that plaintiff could perform substantial gainful activity despite her impairments and, thus, was not disabled within the meaning of the Act. Tr. 21. The Appeals Council declined review on December 13, 2007, making the ALJ's decision the final decision of the Commissioner. Tr. 4-6.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir.2003). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.*

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. Evaluation of the ALJ's Decision

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 248, 250 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).

In the present case, the ALJ proceeded to step five of the evaluation process before finding that plaintiff was not disabled. After finding that none of plaintiff's severe impairments, individually or collectively, met the listing criteria at step three, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work, albeit with the caveat that she should avoid exposure to environmental irritants due to her asthma. In the narrative section following the RFC finding, the ALJ's decision omitted a discussion of opinion evidence from medical personnel contained in plaintiff's case record, leaving a partial sentence introducing that topic. Tr. 20. The ALJ's decision also appears incomplete in its discussion at step three of the evaluation process as to whether the "paragraph C" criteria under 20 C.F.R. Part 404, Subpart P,

Appendix 1 were satisfied.  In that section of the decision, the ALJ parenthetically indicated that further explanation was to be added, and although no detailed discussion of the lack of "paragraph C" criteria is present, the ALJ "translated [his] 'B' and 'C' criteria findings into work-related functions in the residual functional capacity assessment."  Tr. 18.  Ultimately, the ALJ found that plaintiff was able to perform jobs existing in the national economy, including assembler, housekeeper/cleaner, and escort vehicle driver and, therefore, was not disabled.

Plaintiff argues that the ALJ erred by: (1) failing to weigh the medical opinions in the record; (2) failing to properly explain in narrative form his RFC assessment; (3) not recording the weight given to the opinion of the state agency psychiatrist; (4) not explaining the weight given to the opinion of the treating physician; and (5) not fully developing the record and depriving plaintiff of a fair hearing.  To the extent that plaintiff's assignments of error are grounded in the ALJ's omission of any discussion in his decision of how he considered and weighed the medical opinions in the record, the Court agrees.

The Social Security Administration regulation governing evaluation of opinion evidence in cases involving a supplemental security income benefit claim is 20 C.F.R. § 416.927.  That Section ensures that the Commissioner "will always consider the medical opinions in [a claimant's] case record" and "make findings about what the evidence shows."  20 C.F.R. § 416.927(b)-(c).  Explaining how an ALJ will weigh medical opinions, Subsection 416.927(d) lists the following factors to be considered: examining relationship, treatment relationship, supportability, consistency with the record as a whole, and specialization.  A treating source may be given controlling

4

weight among the medical evidence in a claimant's case record under certain circumstances. *Id.* at § 416.927(d)(2). Whether a treating source is given controlling weight or not, the regulation guarantees that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.* Subsection 416.927(f), which details how an ALJ is to consider opinions of nonexamining sources or state agency medical and psychological consultants, provides:

> Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. § 416.927(f)(2)(ii).

In short, 20 C.F.R. § 416.927 makes clear that in every case involving supplemental security income benefits the Commissioner will weigh all medical opinion evidence and set forth the reasons why a particular weight was assigned to treating sources and other medical sources. Failure to follow this rule by not providing adequate reasons for an ALJ's decision constitutes reversible error. *See Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988).

While Section 416.927 addresses only the evaluation of "acceptable medical sources," Social Security Ruling 06-03p describes the process by which an ALJ should consider opinions from "other sources," including medical sources who are not "acceptable medical sources" and "non-medical sources." *See* Social Security Ruling 06-03p, 2006 WL 2329939 (SSA Aug. 9, 2006). That ruling explains that "the

5

adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Id.* at *6. An ALJ therefore commits reversible error by failing to explain the weight given to other sources sufficient to allow a reviewer to follow the ALJ's reasoning. *Bowman v. Astrue*, 511 F.3d 1270, 1274 (10th Cir. 2008); *see also Hayden v. Barnhart*, 374 F.3d 986, 992 n.9 (10th Cir. 2004) (social security rulings are binding on the ALJ).

The ALJ's decision in this case falls short of the requirements of 20 C.F.R. § 416.927 and SSR 06-03p. While the ALJ included a general discussion of plaintiff's medical history in the narrative appended to the step two inquiry, the Commissioner admits that "the ALJ did not specifically state the weight he gave to the medical opinion evidence" in plaintiff's case record. Def.'s Resp. Br. at 8 [Docket No. 20]. From the ALJ's decision, it is impossible to ascertain whether he credited, rejected, or ascribed any weight to the opinions of plaintiff's treating physicians, such as those of Dr. Caroline A. Tolosa-Gloria. *See* Tr. 20, 299-311. If an ALJ rejects a treating physician's opinion, "he must articulate specific, legitimate reasons for his decision." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Additionally, an ALJ must explain the weight he gave to a nontreating physician or examiner's opinion and "give good reasons in his written decision for the weight he gave to the treating physician's opinion." *Id.* On the record before me, I am unable to determine whether the ALJ gave controlling weight or any weight to treating sources in plaintiff's case record. Similarly, because there is no

6

discussion of the weight attributed to opinions of other sources, I cannot meaningfully assess the Commissioner's decision vis-a-vis the applicable regulations and Social Security rulings. Without these necessary findings, I must remand because proper review is not possible. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *Bowman*, 511 F.3d at 1274.

The Commissioner argues that the absence of any indication of how the ALJ weighed the medical opinion evidence in the ALJ's decision is harmless error. Def.'s Resp. Br. at 8-11. However, it has long been the law in the Tenth Circuit that "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). In the absence of findings by the ALJ revealing the ALJ's specific weighing of the evidence, this Court cannot assess whether substantial evidence supported the ALJ's RFC finding, his conclusions at step five, or if he applied the correct legal standards. *See Id.* at 1009. This Court cannot "simply presume the ALJ applied the correct legal standards," nor itself weigh the opinion evidence present in plaintiff's case record. *Watkins*, 350 F.3d 1301; *Clifton*, 79 F.3d at 1009.

Moreover, the Commissioner relies on a more lenient harmless error standard than applies in this case. Specifically, in the context of an administrative appeal where the underlying decision fails to find essential facts, the Court may supply a missing dispositive finding only "in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have

7

resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). On this record, the Court is not able to conclude that a reasonable administrative factfinder could come to no conclusion other than a finding of nondisability.

The ALJ's omissions below were not harmless error because a full consideration of the opinion evidence in plaintiff's case record could reasonably support a different result. For example, it is not clear from the ALJ's decision whether the ALJ accounted for certain mental limitations supported in the record when assessing plaintiff's RFC and the availability of substantial gainful activity at step five. It is possible that the "likely" learning disability referenced by Dr. Brett Valette and the recommendation by Dr. James J. Wanstrath that occupations suitable for plaintiff should require "little or no judgement" could affect the RFC finding, the step five analysis, or both. *See* Tr. 261, 280. And although the ALJ was not required to give any weight to Dr. Tolosa-Gloria's ultimate determination that plaintiff was disabled for purposes of a state disability benefits program, the Court cannot rule out the possibility that a reasonable administrative factfinder would be persuaded by Dr. Tolosa-Gloria's conclusion, coupled with her treating relationship with plaintiff, and her diagnosis of persistent, moderate-to-severe asthma. *See* Tr. 299-300.

On remand, to the extent that medical records pertinent to plaintiff's impairments exist that are not included in plaintiff's case record, the ALJ should obtain and consider such records as he deems appropriate. *See Grogan v. Barnhart*, 399 F.3d 1257, 1264 (10th Cir. 2005) ("When he considers an issue, an ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention

during the course of the hearing.") (internal quotation marks omitted).

## III. CONCLUSION

Upon review of the arguments raised by plaintiff on her appeal of the ALJ's August 20, 2007 decision, I find that the ALJ's determinations are not supported by substantial evidence and that the ALJ did not apply the correct legal standards. Accordingly, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is REVERSED. It is further

**ORDERED** that this action is REMANDED to the ALJ. Upon reconsideration of this matter, the ALJ is directed to: reevaluate plaintiff's residual functional capacity, setting forth relevant findings consistent with this Order; recontact any of the treating or examining physicians for additional clarification of their opinions and otherwise supplement the record as appropriate; and reassess the disability determination. It is further

**ORDERED** that plaintiff Kateri A. Nagelschneider is awarded her costs. *See* Fed. R. Civ. P. 54(d)(1); D.C.COLO.LCivR 54.1; 28 U.S.C. § 2412(a)(1).

DATED March 18, 2009.

                    BY THE COURT:

                    s/Philip A. Brimmer
                    PHILIP A. BRIMMER
                    United States District Judge